SADIE BERGERON, APPELLEE, V. MODERN BROTHERHOOD OF
AMERICA, APPELLANT.

FILED FEBRUARY 6, 1909.   No. 15,500.

1. Insurance: PART PAYMENT: ACTION FOR REMAINDER.   Where an insurance company, after the death of one to whom it has issued its policy or beneficiary certificate, sends its agent to the beneficiary for the purpose of adjusting the claim of said beneficiary under such policy, and said agent obtains from the beneficiary a surrender of such policy with a receipt on the back thereof signed in blank by the beneficiary, under an agreement that the company will paý such beneficiary the full amount of the policy within a few days or return such policy to said beneficiary, and the company retains possession of said policy, but remits to the beneficiary only a portion of the amount named therein, the amount so paid will be treated as a partial payment only, and the beneficiary may maintain her action for the balance called for by said policy.

2. ———: LIABILITY ON POLICY.   And in such case the fact that the company, after obtaining possession of the policy, fills in the blank receipt on the back thereof for less than the amount agreed upon, will not relieve the company of its full liabilty under said agreement.

3. ————: ARGUMENT: RATIFICATION: WAIVER OF DEFENSES. And in
such a case the retention of the policy by the company will be
treated as a ratification of the agreement made by its agent,
under which it obtained possession of said policy, and as a waiver
of all defenses which it may have had on account of anything
which had occurred prior to such adjustment by said agent.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Affirmed.*

*Isaac E. Congdon,* for appellant.

*Greene, Breckenridge & Matters,* contra.

FAWCETT, J.

The petition, among other things, alleges that on the
22d day of November, 1902, defendant issued to Philip
Bergeron, husband of plaintiff, a beneficiary certificate
upon the life of said Philip Bergeron, for the benefit of
plaintiff, in the sum of $1,000; that on October 22, 1905,
said Philip Bergeron departed this life; that plaintiff
furnished defendant due proofs of death; that after the
death of Philip Bergeron defendant, through one of its
directors, one Frank H. Scott, after attempting by numer-
ous threats set out in the petition to obtain a settlement
of the claim for a sum much less than the face of the policy,
finally agreed with plaintiff that, if she would surrender
to him her said certificate, defendant would pay her the
face thereof, $1,000, in cash; that, relying upon his promise
as a director and agent of the defendant, plaintiff signed
a receipt in blank, and delivered to said Scott the bene-
ficiary certificate; that shortly thereafter defendant sent
plaintiff the sum of $250, but has failed to pay the other
$750, for which last named sum, together with' interest,
plaintiff prays judgment. The defendant in its answer,
after setting out numerous reasons why it thinks it should
be relieved from paying plaintiff's demand, which we do
not deem it necessary to set out, alleges that, "in order to
save to its membership expense and annoyance through

litigation, authorized and directed a settlement with Sadie Bergeron, the plaintiff, in and for the sum of $250 in full of any and all demands which she might assert against the defendant under and by virtue of said benefit certificate or any contract between said Philip Bergeron and the defendant, and to that end empowered one of its then directors, Frank H. Scott, to make said settlement on defendants' behalf with said Sadie Bergeron. On the 3d ·day of February, 1906, in the city of St. Louis, state of Missouri, said Sadie Bergeron, the plaintiff, surrendered said benefit certificate and delivered the same to defendant, and signed a receipt on the back thereof in words and figures as follows: 'Received from the Modern Brotherhood of America, of Mason City, Iowa, through the proper officers of this lodge No. ―― two hundred and fifty ($250) dollars in full payment of the amount due the beneficiaries under the within benefit certificate No. 48920, issued to Philip Bergeron now deceased, proof of claim having been filed with said brotherhood on the 13th day of November, 1905. Dated at St. Louis this 3d day of November, 1906. Sadie Bergeron, Beneficiary. Witness: Frank H. Scott.' Immediately thereafter the defendant paid to said Sadie Bergeron the sum of $250, as named in and called for by said receipt, in full payment of the amount due to her under and by virtue of said benefit certificate. The plaintiff received said sum of $250 in full payment of any and all amounts due to her under and by virtue of said benefit certificate, and receipted to the defendant for the same; and she has at all times retained the same, knowing that it was paid her in full satisfaction, and has at no time returned or offered to return the same or any part thereof." The reply, so far as it applied to the alleged settlement set out by defendant, is a general denial.

Plaintiff testifies positively that at the time Mr. Scott, director of defendant, called on her in St. Louis he at first attempted to obtain a settlement from her for the sum of $250, which amount he later raised to $500, both of which offers she declined; that he came to her house at

9 : 30 in the morning and remained there until the hour of midnight, declaring that he would not leave until he had obtained a settlement; that he was so persistent in staying right with plaintiff that neither of them ate either lunch or dinner that day; that he even went with plaintiff to a dentist's office, where plaintiff had an appointment, and remained with her during all of the time she was there; that he subsequently said to her that he must obtain a settlement that night; that he finally agreed with her that, if she would deliver to him the policy and sign the blank space on the back of it, he would have the company send her the full $1,000 by the following Tuesday or return her the policy; that, relying upon such promise, she signed the blank receipt on the back of the policy and delivered it to him, whereupon he took his departure; that she subsequently received the sum of $250, and no more, and that defendant never returned the policy; that when she signed the receipt on the back of the policy she signed it in blank, except as to the date, which she required him to insert before signing. No attempt is made by the defendant to contradict any part of this testimony by the plaintiff. It stands in the record entirely uncontradicted. Nor is there any attempt at denial, either in the pleadings or the evidence, of the authority of Scott to make the settlement pleaded in the petition and above referred to.

When both sides rested, plaintiff moved the court to direct a verdict in her favor for the balance due of $750, with interest, and defendant moved the court to direct a verdict in favor of the defendant. The court overruled the motion of the defendant, sustained plaintiff's motion, and directed a verdict for the plaintiff for the said sum of $750, with interest, upon which judgment was subsequently rendered. The district court was clearly right. When the defendant made the adjustment testified to by plaintiff, and retained the policy which it had obtained from her in the manner detailed in her uncontradicted testimony, it waived all defenses which it may have had on account of anything which had occurred prior thereto.

It could not retain the policy without ratifying the agreement of Scott under which it obtained it. The above holding being decisive of the case, the other matters pleaded and discussed will not be considered.

The judgment of the district court is right, and is

AFFIRMED.